[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT SANDOZ NUTRITION CORPORATION'S MOTION TO STRIKE (NO. 127)
The defendant Sandoz Nutrition Corporation seeks to strike the first (fraud), seventh (CUTPA) and tenth (negligence) counts of the complaint because they come within a products liability claim under the Product Liability Act, Gen. Stat. 52-572 n. et seq. which is alleged in the fourth count.
In regard to the seventh count, a CUTPA violation is not within the scope of the Products Liability Act and, therefore, may be pled as a separate cause of action. Morrisey v. Toyotomi America, Inc., memorandum of decision dated January 27, 1987 (a copy of which is attached for the convenience of counsel).
The defendant moves to strike the fraud and negligence counts without admitting that it was a product seller and that the incident comes within the purview of the Products Liability Act. Surely, the plaintiff may plead in the alternative. Stephenson, E., Conn. Civil Procedure, 92. Furthermore, it is clear that although under the Act the claimant may only assert a product liability claim, there was no intention on the part of the framers to eliminate the various theories of liability under the common law. Mongillo v. AMF, Inc., memorandum of decision dated April 6, 1987 (a copy of which is attached). Finally, the plaintiffs may be able to prove facts under the broad allegations of this complaint which would set out a cause of action not within the scope of the Product Liability Act.
Accordingly, the motion to strike is denied.
ROBERT I. BERDON, JUDGE.